[No. 4410.   Decided November 28, 1902.]

THE STATE OF WASHINGTON, *Respondent,* v. L. F. BOY-
SEN, *Appellant.*

BURGLARY — ENTRY.

In a prosecution for burglary, a sufficient entry to sustain a
conviction is shown, where it appears that a window was broken
by one person, who reached in and removed stores from the build-
ing and handed them to another.

SAME — ACCOMPLICES.

An accomplice who takes goods handed him from a building
by another who has effected a burglarious entry is liable as a
principal.

Appeal from Superior Court, King County.—Hon. AR-
THUR E. GRIFFIN, Judge.   Affirmed.

*Benson & Aust,* for appellant.

*Walter S. Fulton,* Prosecuting Attorney, and *Vince H.
Faben,* for the State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, together with one James
Murphy, was accused by information of the crime of
burglary.   Murphy pleaded guilty, and was sentenced to
one year in the penitentiary.   The appellant entered a
plea of not guilty, and upon the trial, after the close of
the state's testimony, his attorney moved the court for
an order discharging the defendant and dismissing the
jury.   The motion was denied, and exception allowed.
The defendant then testified on his own behalf, after
which the state introduced testimony in rebuttal, and the
case went to the jury, which returned a verdict of guilty
as charged.   A new trial was moved and denied, and a
judgment of sentence of eighteen months in the peni-

tentiary was pronounced. From that judgment this appeal is taken.

The assignment is that the court erred in not sustaining the motion of defendant for a discharge, and that the verdict is not supported by law nor the evidence in the case. We think neither contention is sustained by the record. It is contended by the appellant that there was no entry, and that the building alleged to have been burglarized was a small addition to a hotel and saloon, in which was stored provisions for the hotel. The cook testified that, upon hearing a crash which sounded like breaking glass, he got up, and looked, and saw a man reach in through the window, and take out hams, fresh meat, and bacon. His wife, who saw the performance, and who waked her husband when she heard the noise, testified that one man was reaching into the window, taking out the stores, and handing them to the other. The wife watched while the husband went around into the saloon and obtained assistance. As, with the assistance obtained, he came upon the scene, one of the men, who afterwards proved to be Murphy, attempted to jump over the wall, and was captured. The appellant ran up the stairway, refusing to obey the injunction to halt until he was shot in the leg by one of the posse. There was testimony that these men had been drinking together in the saloon during the evening, though the appellant testified that he did not know Murphy, and had never seen him. The contention of the appellant that no entry was shown to have been made by him is refuted by the testimony that the window was broken, and that one of them reached in, and removed the stores, and handed them to the other. It makes no difference whether the one who was removing the stores, and had actually entered the premises for that purpose, was the appellant or his

accomplice.    Each was a principal in the act, and each was acting for and with the other.    The testimony, it is true, is not extensive, but it was very pertinent, and surely sufficient to sustain the verdict of the jury.

The judgment is affirmed.

REAVIS, C. J., and ANDERS, FULLERTON and MOUNT, JJ., concur.